FREEMAN, J.,
delivered the opinion of the court:
This bilJ was filed by Sutton, administrator of J. P. Parker, deceased, against C. Gotham, administrator of ¥m. E. Gotham, deceased, the latter having been guardian of said Parker. The object of the bill is to have an account of the estate of Parker, the ward, from the administrator of the'guardian.
The questions of account were referred to the master, who, on the proof before 'him, submitted Ms report, to *138 whicli several exceptions were filed and overruled by the chancellor, except one item of $75.
The complainant appealed to this court; no brief has been filed in the case by appellant, but we have looked through the case, as presented in the record, and find the chancellor erred in at least one matter, to which exceptions were filed to the report.
No interest is allowed on the sum of $1,000, that came to the hands of the guardian, originally, in the latter part of 1859, or first of i860, for the years 1861, 1862, 1863, and 1864. This was error, as it appears the guardian did not have the money on hand during these years, but had before then used the money, probably in his business as a merchant. The fact that he could not, in the opinion of witnesses, have loaned .money safely during these years, is no reason why he should not account for interest when it was in his own use, or had by such use become a debt from •himself.
The interest is computed at six per cent, per annum, from the time the money was received, up to the settlement, except these years, when it is insisted it ought to have been compounded. In view of the fact that the money could not probably have been loaned in the years referred to, where the chancellor has allowed no interest, and the other fact that the guardian seems to have been faithful in discharge of his trust, except in the matter of retaining his money, rather than loaning it, and the further fact that the full amount of tire interest vras paid for necessary expenses of the ward, we do. not think the case calls for compounding the interest.
"VYe, therefore, only reverse as to the allowance of interest during the years specified, and direct the amount óf interest for these years, at six per cent, per annum, to be added to the amount decreed by the chancellor, and a decree for the amount so found in this court.
As to the objection of costs entire of the cause against defendant, we think the chancellor was correct. The suit *139 was a proper one, and complainant entitled to recover. We see no reason why he should not have his costs against the defendant.
A decree will he drawn in accordance with this opinion. Costs of this court will be paid by defendant.